[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

No. 05-10547
Non-Argument Calendar
_____

Agency Nos. A95-534-279
& A95-534-280

DIEGO DEL CASTILLO-RESTREPO,
ELIZABETH MALAGAN-MANRIQUE,
ALEJANDRO DEL CASTILLO-MALAGAN,
SEBASTIAN DEL CASTILLO-MALAGAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 14, 2005)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Deigo Del Castillo-Restrepo petitions for review of the final order of the Board of Immigration Appeals, which affirmed, without opinion, the denial of Castillo's request for political asylum and withholding of removal under the Immigration and Nationality Act. Because substantial evidence supports the decision that Castillo failed to establish either past persecution or a well-founded fear of persecution, we deny his petition.

## I. STANDARD OF REVIEW

When the Board of Immigration Appeals expressly adopts the Immigration Judge's opinion, we review the IJ's opinion "as if it were the BIA's." Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). We review the decision of the IJ under the substantial evidence standard. Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323-24 (11th Cir. 2001). This standard is highly deferential. Al Najjar v. Ashcroft, 257 F.3d 1262, 1278 (11th Cir. 2001). "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. ___, 125 S. Ct. 2245 (2005). "[F]indings of fact made by . . . the [IJ] may be reversed by this [C]ourt only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the

administrative findings." Id.  Castillo "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find" in his favor. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S. Ct. 812, 817 (1992).

## II. DISCUSSION

An applicant may apply for asylum, and the Attorney General may grant that application, if the applicant is a "refugee."  8 U.S.C. § 1158(b)(1)(A).  The applicant for asylum must be unwilling or unable to return to a country "because of [past] persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion."  Id. § 1101(a)(42)(A); see also Al Najjar, 257 F.3d at 1284.  The IJ must be presented with "detailed facts" that support an applicant's fear that he will be "singled out" because of one of those protected statutory factors.  Al Najjar, 257 F.3d at 1287.

Substantial evidence supports the determination that Castillo was not entitled to asylum.  Although Castillo twice was confronted by men associated with the Revolutionary Armed Forces of Columbia (FARC) who threatened Castillo and solicited his agricultural expertise for purposes related to their own agricultural projects, Castillo never was physically harmed.  Castillo and his family received numerous threats over the phone, but "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . .

3

mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005), superseding 378 F.3d 1260 (11th Cir. 2004) (internal quotations and citation omitted). Substantial evidence supports the finding that Castillo failed to establish past persecution.

Substantial evidence also supports the finding that Castillo failed to establish a well-founded fear of persecution. Although a nephew of Castillo was murdered while Castillo was being harassed by the FARC, Castillo offered little evidence of why, or by whom, his nephew was murdered. After the murder, Castillo traveled to and from the United States several times without requesting political asylum. After his initial confrontation with the FARC, Castillo also returned to Columbia on several occasions for various reasons, including to "try to establish [himself] again in Columbia."

Castillo also cannot satisfy the higher burden of proof required to establish grounds for withholding of removal. "Where an applicant is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for . . . withholding of [removal]." Al Najjar, 257 F.3d at 1292-93 (internal quotations and citation omitted).

**PETITION DENIED.**

4